UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPHINE BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:15-cv-01923-TWP-DML |
| | ) |
| INDY GO, | ) |
| | ) |
| Defendant. | ) |

**Entry Dismissing Action for Lack of Jurisdiction**

**I.**

The plaintiff's request to proceed *in forma pauperis* [dkt. 2] is **granted**.

**II.**

Plaintiff Josephine Brown is a resident of Indiana. Defendant IndyGo is a public transportation corporation formed and operating under Indiana Code § 36–9–4. *See Indianapolis Pub. Transp. Corp. v. Dep't of Local Gov't Fin.*, 40 N.E.3d 536, 537 (Ind. T.C. 2015). Ms. Brown alleges that on April 28, 2015, she was riding the bus to the store when a car hit the bus. She was "shaken up" and taken to Community East Hospital for treatment. Ms. Brown has tried to resolve this matter with Indy Go directly without success. She seeks more than $75,000.00 in damages.

**III.**

"Subject-matter jurisdiction means adjudicatory competence over a category of disputes." *Wisconsin Valley Imp. Co. v. United States,* 569 F.3d 331, 333 (7th Cir. 2009)(citing *Kontrick v. Ryan,* 540 U.S. 443 (2004), and *Eberhart v. United States,* 546 U.S. 12 (2005). Thus, a court has subject-matter jurisdiction if it has the "authority to decide the case either way." *The Fair v. Kohler*

*Die & Specialty Co.,* 228 U.S. 22, 25 (1913) (Holmes, J.). "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998).

This federal court lacks jurisdiction to decide whether IndyGo is liable under state law to Ms. Brown for its role in the bus accident which occurred while she was on board. Ms. Brown's complaint suggests that this Court has diversity jurisdiction over her claims, but she is mistaken. This is because a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants. *Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992) (citing *Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806)); *see also Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 676 (7th Cir. 2006). In this case, both the plaintiff and defendant are citizens of Indiana.

When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'")(quoting *Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)).

This is not a case where the jurisdictional deficiencies could be remedied through the filing of an amended complaint. Accordingly, there is no reason to delay the entry of final judgment.

This action is dismissed for lack of jurisdiction. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/9/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOSEPHINE BROWN
3208 E. MICHIGAN STREET
Indianapolis, IN 46201